CONNIE L. MICHAELS, Bar No. 128065
cmichaels@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583

Attorneys for Defendant
ARCHSTONE COMMUNITIES, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY JACKSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ARCHSTONE COMMUNITIES LLC, a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. SACV13-715 JVS(RNBx)<br><br>**DEFENDANT'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446**<br><br>Complaint Filed: November 26, 2012<br>(Orange County Superior Court) |

FILED
2013 MAY -3 PM 2:18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ARCHSTONE COMMUNITIES, LLC ("Defendant"), contemporaneously with the filing of this Notice, hereby removes the above-captioned action from the Orange County Superior Court for the State of California to the United States District Court for the Central District of California.

This removal is based on 28 U.S.C. §§ 1441 and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. §1332(a) and the existence of complete diversity of citizenship among the parties.

As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

## I. JURISDICTION AND VENUE ARE PROPER.

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a) and § 1446(b).

2. This action was initially filed in the Orange County Superior Court. Venue properly lies in the United States District Court for the Central District of California, Southern Division, pursuant to 28 U.S.C. §§ 84(c)(2), 1391(a), and 1441(a).

## II. STATUS OF THE PLEADINGS.

3. This lawsuit arises out of Plaintiff Stacey Jackson's ("Plaintiff") employment with Defendant. On November 26, 2012, Plaintiff filed a complaint in the Superior Court of the State of California, County of Orange County, entitled:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

2.

*Stacey Jackson, an individual, Plaintiff, v. Archstone Communities, LLC, a Delaware Corporation; and DOES 1 through 50, inclusive, Defendants,* Case No. 30-2012-00614573 – CU-WT-CJC (hereinafter the "Complaint").

4.  As of the date of this Notice of Removal, neither the Complaint nor a Summons has been personally served on Defendant or its registered Agent for Service of Process. Plaintiff's counsel advised the state court that he mail served Defendant's Chief Executive Officer, Scot Sellers, in accordance with Cal. Code. Civ. Proc. section 415.40. However, Defendant has no record of either the Summons or the Complaint being received by Mr. Sellers and Plaintiff's counsel has not submitted to the state court or to defense counsel evidence of actual delivery -- either a signed certified mail receipt or other proof that Mr. Sellers actually received the mail – as required by Cal. Code. Civ. Proc. section § 417.20(a). See Declarations of Thomas S. Reif, ¶¶ 6-7, Jeanne Lynch, ¶ 5 and Connie L. Michaels, ¶¶3, 11. "Proof of service by mail on out-of-state defendants must nevertheless strictly comply with the requirements of Code of Civil Procedure section 417.20, subdivision (a). (See *Stamps v. Superior Court* (1971) 14 Cal.App.3d 108, 110 [92 Cal.Rptr. 151] [return receipt marked "unclaimed" will not suffice as a valid proof of service]; 3 Witkin, Cal. Procedure, *supra*, Actions, § 986, p. 1154.) This section provides if service is made by mail on an out-of-state defendant "proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence." (Code Civ. Proc., § 417.20, subd. (a).)" *Bolkiah v. Sup.Ct. (Bijan Fragrances, Inc.)* (1999) 74 Cal.App.4th 984, 1001. The Notice of Removal is not premature because it is being filed before proper service has been effectuated. *See Delgado v. Shell Oil Co.*, 231 F.3d 165, 170-171 (5th Cir. 2000). Indeed, Defendant is permitted to waive service of the Complaint. Fed. R. Civ. P. 4.

5.  Since the Doe defendants have not yet been served to Defendant's knowledge, they need not join or consent to Defendants' notice of removal. *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1426, 1429 (9th Cir. 1984) (named

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067 3107
310 553 0308

3.

defendants not yet served in state court action need not join the notice of removal).

5. As of the date of this Notice of Removal, no other parties have been named or validly served with the Summons and Complaint in this matter to Defendant's knowledge.

6. To date, the following documents have been filed in this case with the Superior Court for the County of Orange County, according to a review of the state court's file:

    a. Summons and Complaint, and a Civil Case Cover Sheet, both filed by Plaintiff. See Declaration of Connie L. Michaels ("Michaels Decl.") ¶2, Exhibits ("Exh.") A-B.

    b. Proof of Service of Summons, filed by Plaintiff. See Michaels Decl. ¶3, Exh. C.

    c. Notice of Posting of Jury Fees, filed by Plaintiff. See Michaels Decl. ¶4, Exh. D.

    d. Two Case Management Conference Statements, filed by Plaintiff. See Michaels Decl. ¶5, Exh. E- F.

### III. **TIMELINESS OF REMOVAL.**

7. This Notice of Removal is timely. Pursuant to 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after *service* of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30 day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). Plaintiff filed her Complaint with the Orange County Superior Court on November 26, 2012. *See* Exhibit A to Michaels Decl. To date, the Complaint has not been properly served on Defendant. As such, because this matter is being removed prior to service even being effectuated, this Notice of Removal is timely as a matter of law. *Murphy Bros., Inc.*, 526 U.S. at 354; *Delgado v. Shell Oil Co.*, 231 F.3d 165, 170-171 (5th Cir. 2000) (removal not premature because filed before proper

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

service effectuated).

## IV. THERE IS COMPLETE DIVERSITY OF CITIZENSHIP.

8. Section 1332(a) provides, in relevant part, as follows:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different States[.]

9. With respect to the citizenship of individuals, an individual is a "citizen" of the State in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2nd Cir. 2001) (citizenship determined at the time the lawsuit is filed) and *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). An individual's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. Plaintiff was a citizen of the State of California at the time of her employment with Defendant and when she commenced this action, and Defendant believes she remained a citizen of the State of California at the time of removal. *See* Exh. A, Complaint, ¶2; Lynch Decl., ¶3; *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

11. For diversity purposes, the citizenship of a limited liability company ("LLC") is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

12. Defendant is a Delaware limited liability company. Reif Decl. ¶2. Thus, Defendant's citizenship is determined by examining the corporate citizenship of its members. *See Johnson*, 437 F.3d at 899.

13. It is well settled that a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business refers to its "nerve center" or, in other words, the location where the "corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, __, U.S. __, 130 S. Ct. 1181, 1192 (2010). Except in unusual circumstances, a corporation's corporate headquarters is its nerve center. *Id.* at 1186, 1192-94.

14. Defendant's sole member is Archstone Parallel Residual JV 2, LLC, which is incorporated in the State of Delaware and has its corporate headquarters in Chicago, Illinois. Accordingly, Defendant is a citizen both of Delaware and Ilinois.

15. Complete diversity of citizenship exists here because Plaintiff is a California citizen whereas Defendant is a citizen of a different state. 28 U.S.C. § 1332(a)(1)-(2). As to the citizenship of Plaintiff, Defendant employed Plaintiff within the State of California and is informed and believes that she was a citizen of the State of California both at the time her action was commenced in state court and at the time of this removal. (*See* Michaels Decl., Exh. A, Complaint at ¶ 1.)

16. Does 1 through 50 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The citizenship of these Doe defendants is to be disregarded for the purposes of determining diversity jurisdiction,

and therefore cannot destroy the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *accord Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (citing to 28 U.S.C. § 1441(a), and noting that inclusion of Doe defendants in a state court complaint has no effect on removability). *See also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

17. No other entity or person is a party to this action as of the date of this Notice of Removal.

## V. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET.

18. The Complaint does not indicate a total amount of damages claimed; consequently, Defendant only needs to show by a preponderance of the evidence (that it is more probable than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Insurance Company*, 95 F.3d 856, 862 (9th Cir. 1996), amended 102 F.3d 398, 404 (9th Cir. 1996).

19. It can be reasonably ascertained from the pleadings and the prayer for relief that the amount in controversy does, in fact, exceed $75,000. In measuring the amount in controversy, the Court must assume the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff in all claims asserted in her complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 1001 (C.D. Cal. 2002). Plaintiff was earning $18.62 an hour while working for Defendant. Lynch Decl., ¶3. She seeks recovery for lost past and future earnings and was terminated in November 2010. Michaels Decl., Exh A, Complaint ¶7, Prayer for Relief, ¶1. Thus, assuming Plaintiff worked 40 hours per week for 49 weeks a year, her annual wage entitlement calculated at her regular hourly was $36,495 [$18.62 x 40 x 49]. Additionally, Plaintiff alleges she worked but was not paid wages for working 10 hours per week throughout her four years of employment. Michaels Decl., Exh A, Complaint ¶¶7, 9. Thus, assuming Plaintiff worked 10 hours per week for 49 weeks per year, her annual wage entitlement for the allegedly unpaid overtime at time and a half was $13,685 [$18.62 x 1.5 x 10 x 49].

7.

20. Front pay awards in California frequently span a number of years. *See Smith v. Brown-Forma Distillers Corp.*, 196 Cal. App. 3d 503, 518 (1989) (front pay until mandatory retirement age reached); *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 92 (1976) (four years); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). Even if Plaintiff sought front pay benefits for only the two and a half years since her termination, the amount of wages in controversy in this case would total at least $125,450 [$36,495 + $13,685 x 2.5], plus benefits.

21. Plaintiff also alleges emotional distress and punitive damages. (Michaels Decl., Exh A, Complaint ¶¶18 - 19, 20, 28, 33, 38, Prayer for Relief ¶¶2, 8.) These categories of damages must be considered when calculating the amount in controversy. *See Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action.") (citing *Gibson v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001)); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy). Numerous court decisions and jury verdicts in state and federal courts located within the Ninth Circuit demonstrate that compensatory and punitive damages in excess of $75,000 have been awarded to individual plaintiffs where, as here, the plaintiff has alleged claims for wrongful termination. For example, in *Martin v. Arrow Electronics*, Case No. SACV041134 (C.D. Cal. 2006), the plaintiff was awarded in excess of one million dollars (including $300,000 for claimed pain and suffering) for allegations of, among others, wrongful termination. Taking into consideration that Plaintiff seeks many types of damages aside from and in addition to her lost earnings, the amount of damages claimed by Plaintiff more likely than not meets the minimum amount in controversy.

22. Plaintiff also seeks to recover attorneys' fees and costs. (Michaels Decl., Exh A, Complaint ¶¶26, 28, 32, 33, 38, 44.) Cases involving the types of claims that Plaintiff has alleged in her Complaint require at least $75,000.00 in attorneys' fees to

8.

proceed through discovery and to trial during an approximate one-year period. See *Czarnik v. Ilumina*, Case No. 763972 (Cal. Sup. Ct. July 16, 2002) (plaintiff awarded $325,000 in attorneys' fees from court in case involving claims of discrimination and retaliatory termination). The attorneys' fee claim is included in determining the amount in controversy when, as in the case at hand, Plaintiff is claiming attorneys' fees pursuant to statute. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) ("When an underlying statute authorizes an award of attorneys' fees, . . . such fees may be included in the amount in controversy.").

23. Based upon the pleadings, it is not a "legal certainty that the claim is really for less than" the amount in controversy minimum. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Thus, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.00.

## VI. NOTICE TO PLAINTIFF AND STATE COURT.

24. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court.

Dated: May 3, 2013

LITTLER MENDELSON
A Professional Corporation

By: *Connie L. Michaels*
CONNIE L. MICHAELS
Attorneys for Defendant
ARCHSTONE COMMUNITIES, LLC

Firmwide:120036663.2 051124.1023

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
STACEY JACKSON, an individual

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ARCHSTONE COMMUNITIES, LLC, a Delaware Corporation; and DOES 1-50, inclusive

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Stephen C. Kimball, SBN 152537 (949) 380-0900
Nicole A. Nguyen, SBN 248449
SESSIONS & KIMBALL LLP
23456 Madero, Suite 170
Mission Viejo, California 92691

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Connie L. Michaels, SBN 128065 (310) 553-0308
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §§ 1332, 1441 and 1446 (diversity)

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☒ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)     CIVIL COVER SHEET     Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
NOTE: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** *Connie L. Michaels*  DATE: May 3, 2013

Connie L. Michaels

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

American LegalNet, Inc.
www.FormsWorkFlow.com